UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRADLEY SCOTT DRESSLER,

                Plaintiff,

v.                                                                                  DECISION & ORDER

ANDREW SAUL, Commissioner of                          19-CV-15-MJP
Social Security,

                Defendant.

---

## INTRODUCTION

**Pedersen, M.J.** Bradley Scott Dressler ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Jurisdiction, ECF No. 16.) For the reasons stated below, the Court grants the Commissioner's motion for judgment on the pleadings (ECF No. 14) and denies Plaintiff's motion for judgment on the pleadings (ECF No. 12).

## BACKGROUND

On June 14, 2012, Plaintiff applied for a period of disability and disability insurance benefits, alleging a disability beginning on December 2, 2010. (Record[1] ("R.") 139–41.) On September 21, 2012, Plaintiff's claim was denied by the Social

---

[1] Record refers to the filed record of proceedings from the Social Security Administration, filed on June 17, 2019, ECF No. 7.

Security Administration, (R. 61, 64–68), and he timely requested a hearing on September 27, 2012. (R. 76–77.) Plaintiff appeared and testified at a hearing held in Buffalo, New York, on November 26, 2013, before an Administrative Law Judge ("A.L.J."). (R. 30.) On January 29, 2014, the A.L.J. issued an unfavorable decision, finding the Plaintiff was not disabled. (R. 7–19.) Plaintiff timely filed a request for review by the Appeals Council on March 25, 2014. (R. 29.) The Appeals Council denied the request for review on May 8, 2015. (R. 1–3.) Plaintiff timely filed a civil action in district court, seeking judicial review of the A.L.J.'s decision. (R. 326–52) The case was remanded by stipulation. (R. 353.) A second hearing was held, (R. 299), with the same eventual result: a stipulation requiring remand. (R. 510.) After another unfavorable decision at the second hearing before an A.L.J. (R. 434–56), and denial by the Appeals Council, (R. 511–16), Plaintiff filed a new complaint on January 3, 2019. (Compl., ECF No. 1.) Both parties now seek judgment on that complaint.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

    (1)    whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## *The A.L.J.'s Decision*

In her decision, the A.L.J. followed the required five-step analysis for evaluating disability claims. (R. 440–50.) Under step one of the process, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since February 11, 2011, the onset date. (R. 440.) At step two, the A.L.J. concluded that Plaintiff had the following severe impairments: status-post contusion of the right foot with capsulitis of the second metatarsal phalangeal joint, mild hallux valgus deformity of the great toe and resulting in hammertoe of the right foot. 20 C.F.R. § 404.1520(c). (R. 440.) At step three, the A.L.J. determined that Plaintiff does not have an impairment (or combination of impairments) that meets or medically equals one of

the listed impairments. (R. 441.) At step four, the A.L.J. concluded that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with additional exceptions and conditions listed in the decision. (R. 442–47.) The A.L.J. determined that Plaintiff was unable to perform past relevant work. (R. 447–48.) The A.L.J. proceeded to step five and found that jobs existed in the national and regional economy that Plaintiff could perform. (R. 448–50.) Accordingly, the A.L.J. found that Plaintiff was not disabled. (R. 450.)

*Plaintiff's Contentions*

Plaintiff contends that the A.L.J. erred in two respects. First, Plaintiff claims A.L.J. erred by mechanically applying the age groups from the medical-vocational guidelines. (Pl.'s Mem. of Law at 12, ECF No. 12.) Additionally, Plaintiff argues that the A.L.J. should have considered Plaintiff's education and lack of transferable job skills and that the A.L.J.'s failure to consider these meant the A.L.J.'s decision was not substantially supported by the evidence in the record. (*Id.*) Second, Plaintiff claims that the A.L.J. substituted her opinion for that of Bernard Rohrbacher, M.D., when the A.L.J. determined "that Plaintiff did not need to elevate his legs at all during an 8-hour workday." (*Id.* at 17.)

## ANALYSIS

*Application of the Age Groups of the Medical-Vocational Guidelines*
*General Provisions of Law and the Standard of Review*

The A.L.J. is required by 20 C.F.R. § 404.1563(b) to avoid "apply[ing] the age categories mechanically in a borderline situation." However, this provision also states that in borderline cases, the A.L.J. need only "consider whether to use the older age category." Use of the higher age category is not required: A.L.Js need only "*consider*

whether using the higher age category would be appropriate." *Woods v. Colvin*, 218 F. Supp. 3d 204, 209 (W.D.N.Y. 2016) (emphasis in original).

The appropriate standard of review is unclear because the Second Circuit has not addressed the issue of applying the age groups of the medical-vocational index to borderline situations. *Battaglia v. Comm'r of Soc. Sec.*, No. 1:18-CV-00390 EAW, 2019 WL 3764660, at *5 (W.D.N.Y. Aug. 7, 2019). The Tenth Circuit determined that "like any factual issue," findings about the appropriate age category "must be supported by substantial evidence." *Daniels v. Apfel*, 154 F.3d 1129, 1134 (1998). Other circuits agree. *Phillips v. Astrue*, 671 F.3d 699, 706 (8th Cir. 2012). The Ninth, Sixth, and Eleventh Circuits have held, however, that an A.L.J. need not provide express discussion that would comport with the substantial evidence requirement to satisfy § 404.1563(b). *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071–72 (9th Cir. 2010); *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008); *Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 635–36 (11th Cir. 2006).

Ultimately, this Court need not determine which standard is more appropriate because the question is not dispositive. The A.L.J. provided both substantial evidence showing the reasoning for the decision, and satisfied the requirement to "consider" under § 404.1563(b).

### *Plaintiff's Age*

The Second Circuit has not addressed the issue of applying the age groups of the medical-vocational index at all, and has not addressed the specific issue of the appropriate date to use in applying the index. *Battaglia*, 2019 WL 3764660, at *5. Plaintiff and Defendant agree, however, that the date to be used is the date Plaintiff

was last insured (DLI). (*See* Pl.'s Mem. of Law at 12, ECF No. 12.; Def.'s Mem. of Law at 4, ECF No. 14.) This accords with sister-circuit precedent. *Byers v. Astrue*, 506 F. App'x 788, 791 (10th Cir. 2012); *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068 (9th Cir. 2010).

### *Requirement to "Consider" Borderline Age Situations under § 404.1563(b)*

The A.L.J. here clearly considered use of the older age category, as required by § 404.1563(b), despite Plaintiff's contention that the A.L.J. applied the age groups of the medical-vocational guidelines "mechanically." (Pl.'s Mem. of Law at 13, ECF No. 12). Mechanical application of the guidelines would involve the A.L.J. failing to place into the record any information about her "reasoning regarding [the Plaintiff's] potential borderline age." *Justice v. Astrue*, 589 F. Supp. 2d 110, 112 (D. Mass. 2008). Here, the A.L.J. did not fail to consider which age group to apply.

First, the A.L.J. was required to satisfy the baseline requirement of 20 C.F.R. § 404.1563(b) by acknowledging the existence of a borderline situation. *Battaglia*, 2019 WL 3764660, at *5. The A.L.J. did so. (R. 448.) Second, the A.L.J. provided enough discussion to "build an accurate and logical bridge from the evidence to [her] conclusion to enable a meaningful review" of how the A.L.J. resolved the borderline age issue. *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010). The A.L.J. accomplished this by providing specific reasons from the Record supporting her position that use of the age category for individuals ages 50–55 was inappropriate. (R. 448.)

*Application of the Substantial Evidence Standard to the A.L.J.'s Decision Regarding the Borderline Age Situation*

The A.L.J.'s decision regarding application of the medical-vocational index is clearly supported by substantial evidence. An A.L.J.'s decision need not be watertight, and "may also adequately support contrary findings." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The A.L.J. may use all relevant evidence in record in assessing a plaintiff's RFC. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine claimant's RFC rests solely with the A.L.J.); *accord Johnson v. Colvin*, 669 F. App'x 44, 46–47 (2d Cir. 2016) (citing 20 C.F.R. § 416.945(a)(3) (explaining that an A.L.J. looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the plaintiff when assessing a plaintiff's RFC)). The RFC need not correspond to any particular medical opinion; rather, the A.L.J. weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). Here, the A.L.J. noted specifically the medical findings in the record that comported with her application of the medical-vocation guidelines regarding Plaintiff's age. (R. 448.) The A.L.J. also noted Plaintiff's hearing testimony which indicated the Plaintiff's ability "to engage in a wide-range of activities of daily living." (R. 448; R. 472–74.) This application of the medical-vocational index is clearly supported by substantial evidence because the A.L.J.'s RFC finding substantially paralleled both with the medical evidence and with Plaintiff's own testimony. *Monroe v. Colvin*, 676 F. App'x 5, 8–9 (2d Cir. 2017) (summary order) (substantial evidence

supported the A.L.J.'s finding for unskilled work, despite a lack of supporting functional assessment from a medical source; that evidence included objective examination findings and Plaintiff's activities of daily living.) In finding that Plaintiff could perform "substantially all of the exertional demands" for sedentary work, (R. 449), the A.L.J. stated that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (R. 450.) The A.L.J.'s application of the medical-vocational index concerning Plaintiff's age group was not erroneous.

Finally, the A.L.J.'s failure to specify whether Plaintiff's job skills were transferable was harmless error because under the medical-vocational guidelines the A.L.J. determined, with substantial evidence, that the Plaintiff was a "younger person," which meant the A.L.J. was not required to consider whether Plaintiff has transferable job skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2. Although the Second Circuit has held that A.L.J.s should make specific findings regarding transferability of job skills, this applies only where a plaintiff was of advanced age. *Draegert v. Barnhart*, 311 F.3d 468, 472–73 (2d Cir. 2002).

### *The A.L.J.'s Assessment of Dr. Rohrbacher's Opinion*

Plaintiff contends that the A.L.J. erred in evaluating the opinion of Bernard Rohrbacher, M.D. (Pl.'s Mem. of Law at 17, ECF No. 12.) The A.L.J. gave little weight to Dr. Rohrbacher's opinion concerning Plaintiff's need to elevate his legs during the workday. (R. 447.) Plaintiff argues that the A.L.J. erred by substituting her own opinion. (Pl.'s Mem. of Law at 17, ECF No. 12.). A.L.J.s are not permitted to

9

"substitute [their] own expertise or view of the medical proof for the treating physician's opinion." *Flynn v. Comm'r of Soc. Sec.*, 729 F. App'x 119, 121 (2d Cir. July 6, 2018) (summary order)(quoting *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)). While Plaintiff is correct that "no other medical opinion specifically contradicted Dr. Rohrbacher" concerning Plaintiff's need to elevate his legs occasionally during the day, (Pl.'s Mem. of Law at 17, ECF No. 12.), the A.L.J. was justified in comparing Dr. Rohrbacher's recommendations against the whole record. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (treating physician's opinion is not controlling when contradicted "by other substantial evidence in the record"); *see also Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order) (holding that when there is conflicting evidence in the record, the Court should defer to the A.L.J.'s resolution of it "and accept the weight assigned to the inconsistent opinions as a proper exercise of the A.L.J.'s discretion."). Comparing the Record with Dr. Rohrbacher's recommendation regarding Plaintiff's need to elevate his legs, the A.L.J. determined that Dr. Rohrbacher's opinion should be given little weight. (R. 447.) The A.L.J. pointed to medical evidence within Dr. Rohrbacher's evaluation of Plaintiff that was consistent with Plaintiff's ability to perform sedentary work. (R. 444, 447.) The A.L.J. also compared Plaintiff's need to elevate his legs during the workday against the broader RFC determination that the Plaintiff was able to perform sedentary work. (R. 447.) The A.L.J.'s RFC finding makes use of evidence from treating and non-treating physicians. (R. 442–47.) While the A.L.J. did accord the greatest weight to consultative physicians, the substance of the consultative physicians' findings was

consistent with much that the treating physicians found. (R. 445–46.) Finally, the A.L.J. noted that Dr. Rohrbacher offered his opinion concerning Plaintiff's need to elevate his legs after the date last insured. (R. 447.) The A.L.J.'s decision to afford Dr. Rohrbacher's opinion little weight is appropriately based in part on the fact that the evaluation took place after the DLI.[2] *Parker v. Berryhill*, 733 F. App'x 684, 687 (4th Cir. 2018). Thus, the A.L.J. did not substitute her own opinion or expertise, but appropriately compared Dr. Rohrbacher's indications against the entire record and determined Dr. Rohrbacher's opinion was entitled to little weight in forming an RFC.

Additional support for the conclusion that the A.L.J. did not substitute her own expertise or opinion for the doctor's comes from the A.L.J.'s thorough consideration of the factors laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019) when determining the appropriate weight to give Dr. Rohrbacher's evaluation. *Id.* at 95–96 (requiring explicit analysis of "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.") Based on substantial evidence, the A.L.J. determined that Dr. Rohrbacher's opinion was entitled to little weight because of inconsistencies with the whole record and internal inconsistencies within Dr. Rohrbacher's medical

---

[2] The Fourth Circuit held that the A.L.J. merely needs to consider the post-DLI evidence to determine if there is "linkage" between the pre-DLI and post-DLI evaluations. *Parker*, 733 F. App'x at 687. In *Parker*, where there was no evidence of linkage provided by the physician, the Fourth Circuit held that the A.L.J.'s choice to accord the physician's evaluation little weight was "entitled to deference." *Id.* (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). Here, there does not appear to be explicit evidence of linkage because, similarly to *Parker*, Dr. Rohrbacher included only a brief note and several circled items. (R. 281.)

evaluation. (R. 444, 447); *see also Fugle v. Comm'r of Soc. Sec.*, No. 1:18-CV-0707 (CJS), 2020 WL 1242407, at *6 (W.D.N.Y. Mar. 16, 2020) (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)) (holding that the treating physician rule is "not traversed" where the physician's "opinion was not entitled to controlling weight because it was inconsistent with other substantial evidence in the record.") The A.L.J. noted that Plaintiff's treatment with Dr. Rohrbacher was "sporadic." (R. 447) The A.L.J. also acknowledged Dr. Rohrbacher's status as an "orthopedist," but clearly determined this factor was outweighed by the others. (R. 444.) Thus, the A.L.J. did not substitute her opinion, instead properly determining, in accordance with Second Circuit precedent, that Dr. Rohrbacher's opinion should not be given controlling weight.

## CONCLUSION

After a careful review of the entire Record, the Court finds that the Commissioner's denial of Disability Insurance Benefits was based on substantial evidence and was not erroneous as a matter of law. Accordingly, the Court affirms the A.L.J.'s decision. For the reasons stated above, the Court grants the Commissioner's motion for judgment on the pleadings (ECF No. 14) and denies Plaintiff's motion for judgment on the pleadings (ECF No. 12). The Clerk will enter judgment for the Commissioner and close the case.

IT IS SO ORDERED.

Dated: September 2, 2020
Rochester, New York

MARK. W. PEDERSEN
United States Magistrate Judge